UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| CHARLES H. BISHOP, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 1:11-CV-11-SNLJ |
|  | ) |  |
| LARRY CRAWFORD, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Larry Crawford, Alex Clinton, Aaron Gilliland, and Joshua Lacy's Partial Motion to Dismiss, filed July 11, 2011 (#24). Plaintiff has not responded, and the time for doing so has passed.

Plaintiff filed this 42 U.S.C. § 1983 action alleging, among other things, that defendants violated his Eighth Amendment rights during a medical transport at Southeast Correctional Center ("SECC"), where plaintiff was formerly housed. Plaintiff complains of excessive use of force, and he also asserts that the defendants denied him proper medical treatment, showed deliberate indifference to his serious medical needs, and retaliated against him in violation of his Eighth Amendment rights. Plaintiff seeks actual, compensatory, future medical and punitive damages, as well as attorney fees. The defendants deny any violation of plaintiff's constitutional rights and move to partially dismiss his Complaint for lack of subject matter jurisdiction and for failure to state a cognizable Section 1983 claim against them.

I.     **Facts as Pleaded in the Complaint**

Plaintiff alleges that he is of the "Separatist Religion," which according to its "doctrine," requires that he not share a cell with a black inmate. Plaintiff alleges that an unnamed

correctional staff member stood by and watched as plaintiff, who was in handcuffs, was stabbed repeatedly by his black cellmate despite plaintiff's pleas for help from the correctional officer. Plaintiff filed a series of complaints and grievances with the prison, some of which personally named defendant Clinton. Plaintiff alleges that defendant Clinton then began verbally harassing plaintiff about his religious beliefs and threatened him.

Plaintiff alleges that later that day, defendants Gilliland, Clinton, and Lacy approached plaintiff (who was then in administrative segregation) and asked if he needed medical attention for his 24 stab wounds. Plaintiff said yes and submitted to restraints in order to be transported. Plaintiff alleges that Clinton then maliciously beat plaintiff up and threatened to push plaintiff down the stairs while handcuffed and shackled with a leash, causing serious physical injuries, while defendant Gilliland and Lacy watched and failed to intervene. Further, defendants did not take plaintiff to his medical appointment (which was, by then, necessary to treat plaintiff's old stab wounds and his new injuries, as well) and thus showed deliberate indifference to plaintiff's serious medical needs. Plaintiff says he complained again in writing about the attack, but that defendant Crawford turned a blind eye to the attacks and his lack of medical treatment for his serious medical needs. Plaintiff alleges that he has serious, permanent, and debilitating physical and neurological issues including partial loss of the use of his left hand, atrophy of his hand muscles, decreased mobility, pain, mental and emotional suffering. Plaintiff's claims against defendants Crawford, Clinton, Gilliland, and Lacy are as follows: Count I -- Deliberate indifference (Clinton), Count II -- Deliberate indifference (Gilliland), Count III -- Deliberate indifference (Lacy), Count IV -- Failure to protect (Gilliland & Lacy), Count V -- Assault (Clinton).

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

Federal Rule of Civil Procedure 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction over the claim. The standards applied to a Rule 12(b)(1) motion to dismiss are the same as those that apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Vankempen v. McDonnell Douglas Corp.*, 923 F. Supp. 146, 147 (E.D. Mo. 1996) (citing *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980)).

## III. Discussion

Defendants argue that certain claims against them should be dismissed.

*First*, defendant Crawford contends that plaintiff has not stated a claim as to him because plaintiff does not allege Crawford had any personal involvement in the attacks about which plaintiff complains. It is well settled that the doctrine of respondeat superior is insufficient to allow recovery in a § 1983 action." *Bolin v. Black*, 875 F.2d 1343, 1347 (8th Cir. 1989) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Lenz v. Wade*, 490 F.3d 991,

3

995 (8th Cir. 2007) ("A prison official . . . "may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory."). Claims based on a supervisor's failure to supervise or otherwise control subordinates may only be maintained if the defendant "demonstrated deliberate indifference or tacit authorization of the offensive acts." *Bolin*, 875 F.2d at 1347 (quoting *Wilson v. City of North Little Rock*, 801 F.2d 316, 322 (8th Cir. 1986)); *see also Andrew v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). An official exhibits deliberate indifference only if he or she actually knows of a substantial risk and fails to respond to it reasonably. *See Farmer v. Brennan*, 511, U.S. 825, 844-45 (1994). The Constitution requires this state of mind before imposing liability because "only the unnecessary and wanton infliction of pain implicates the Eight Amendment." *Lenz*, 490 F.3d at 995.

Bishop has not alleged that Crawford was personally involved in providing Bishop's allegedly inadequate medical care. There are no allegations that Crawford had personal involvement or advance knowledge regarding Bishop's failure to protect claims. Plaintiff's First Amended Complaint alleges only respondeat superior liability as to Crawford, and Bishop has thus failed to demonstrate that Crawford was deliberately indifferent as is necessary to support both claims. As a result, Bishop has failed to state a cognizable Section 1983 claim against defendant Crawford and his claims will be dismissed.

*Second*, plaintiff's claims against defendants Clinton, Gilliland, and Lacy in their official capacity are barred by the Eleventh Amendment and will be dismissed. The Eleventh Amendment bars claims against the State of Missouri and its agencies in Federal Court. *Quern v. Jordan*, 440 U.S. 332, 337 (1979); *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Similarly, a suit against state officials in their official rather than individual capacities is again an impermissible suit against a state. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

## IV. Conclusion

Plaintiff's claims against defendant Crawford will be dismissed, and plaintiff's claims against defendants Clinton, Gilliland, and Lacy in their official capacities will be dismissed. Plaintiff's other claims against Clinton, Gilliland, and Lacy in their individual capacities remain.

Accordingly,

**IT IS HEREBY ORDERED** defendants Larry Crawford , Alex Clinton, Aaron Gilliland, and Joshua Lacy's Partial Motion to Dismiss, filed July 11, 2011 (#24) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Larry Crawford are **DISMISSED.**

**IT IS FINALLY ORDERED** that plaintiff's official capacity claims against defendants Alex Clinton, Aaron Gilliland, and Joshua Lacy are **DISMISSED**.

Dated this   30th   day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE

.