UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHARLES H. BISHOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:11-CV-11-SNLJ |
| ) | |
| LARRY CRAWFORD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on two motions to compel filed by plaintiff and one motion to clarify filed by plaintiff. Each is addressed in turn below.

Plaintiff filed this 42 U.S.C. § 1983 action alleging, among other things, that defendants violated his Eighth Amendment rights during a medical transport at Southeast Correctional Center ("SECC"), where plaintiff was formerly housed. Plaintiff complains of excessive use of force, and he also asserts that the defendants denied him proper medical treatment, showed deliberate indifference to his serious medical needs, and retaliated against him in violation of his Eighth Amendment rights. Plaintiff seeks actual, compensatory, future medical and punitive damages, as well as attorney fees. Defendants filed motions for summary judgment in August 2012 and September 2012, but those have not been fully briefed because plaintiff has sought and received extensions of time in which to file his response.

**I.      Plaintiff's Motion to Compel Interrogatory Responses by Defendants Clinton, Gilliland, and Lacy (#68)**

Plaintiff states that he served interrogatories on defendants Clinton, Gilliland, and Lacy ("MDOC defendants") on April 25, 2012, and again on July 5 (in person) and September 10, 2012, but that he has not received answers. He attached to his motion copies of his letters to

defense counsel dated April 25, June 11, August 10, August 31, and September 10, 2012, in which he inquired about the defendants' responses and requested that the defendants respond within 10 days so that he would not be forced to seek remedy with the Court.  Plaintiff filed his motion to compel on November 26.  Plaintiff seeks $100 payable from each defendant as compensation for expenses incurred as a result of filing his motion to compel.

     Defendants oppose the motion to compel.  They argue that the discovery period closed on July 6, and that they did not receive the interrogatories that plaintiff says he served on April 25, July 5, and September 10.  They deny that they received the letters dated June 11, August 10, August 31, or September 10.  They do, however, admit to receiving a July 27, 2012 letter that enclosed the errata sheet for plaintiff's deposition; that July 27 letter also mentions that he had not received responses to his interrogatories.  The July 27 letter was date-stamped as having been received by defense counsel on September 26, 2012.  Counsel responded to the letter stating they had not received a copy of the interrogatories on October 11, 2012.  Defendants maintain that the correctional institution mailroom procedures are followed and essentially suggest that plaintiff did not actually serve interrogatories as he states he did.

     Plaintiff insists that he served the interrogatories as he described, and he also outlines in his reply memorandum (#80) how he provided defense counsel with a copy of the interrogatories in person, at his deposition, on July 5. Defendants have not responded to that statement.  Even if defense counsel did not receive a copy of the interrogatories, defendants have certainly received a copy of plaintiff's interrogatories by now, as the document is now an exhibit to the instant motion.  Defendants will be ordered to respond to plaintiff's interrogatories within 30 days from the date of this order.  Plaintiff's request for monetary sanctions will be denied.

The Court notes that plaintiff's response to the MDOC defendants' motion for summary judgment is due on January 28, 2013. In the Court's most recent order on that matter, the Court noted that no further extensions would be permitted. Because the Court recognizes that defendants' interrogatory responses will not be due until after the January 28 deadline, the Court will *sua sponte* provide plaintiff with an additional 30 days in which to respond to the motion for summary judgment.

II.   **Plaintiff's Motion to Compel Interrogatory Responses by Defendants Aters, Corizon, Inc., Kastings, and Vinson (#69)**

Plaintiff's motion to compel defendants Aters, Corizon, Inc., Kastings, and Vinson ("Corizon defendants") to respond to his interrogatories is much the same as the above motion. These defendants also oppose the motion to compel and state that the motion is untimely and an attempt to delay proceedings. Plaintiff explained that he believe that because the dispositive motion deadline had been extended, so too was the discovery deadline. In addition, plaintiff has had difficulty obtaining time and materials necessary to pursuing his claims due to the reasons outlined in his motions for extensions of time in which to respond to the defendants' motions for summary judgment. Plaintiff states in his reply memorandum that he provided counsel for the MDOC defendants with a copy of the interrogatories for the Corizon defendants on July 5, with the understanding that she would provide them to counsel for the Corizon defendants.

Again, even if the Corizon defendants' counsel did not receive a copy of the interrogatories earlier, the defendants have certainly received a copy of plaintiff's interrogatories by now. Defendants will be ordered to respond to plaintiff's interrogatories within 30 days from the date of this order. Plaintiff's request for monetary sanctions will be denied.

The Court notes that plaintiff's response to the Corizon defendants' motion for summary judgment is due on January 28, 2013. Again, in the Court's most recent order on that matter, the

3

Court noted that no further extensions would be permitted.  Because the Court recognizes that defendants' interrogatory responses will not be due until after the January 28 deadline, the Court will *sua sponte* provide plaintiff with an additional 30 days in which to respond to the motion for summary judgment.

### III.     Plaintiff's Motion for Clarification (#77)

On December 4, 2012, the Court issued a docket text order (docket entry #74) stating as follows: "MOTION for Extension of Time to File Response/Reply as to 68 MOTION to Compel by Defendants Alex Clinton, Aaron Gilliland, Joshua Lacy. (Delworth, Mary) filed by Joshua Lacy, Aaron Gilliland, Alex Clinton ; ORDERED GRANTED. Signed by District Judge Stephen N. Limbaugh, Jr on 12/4/12. RESPONSE DUE 12/10/12.(MRS) (Entered: 12/04/2012)."

Plaintiff's motion for clarification (#77) asks the Court to clarify that order for him because he does not understand its effect on him.  The Court will do so.  That docket text order granted the MDOC defendants' motion for an extension of time to respond to the *plaintiff's* motion to compel.  The order did not require any action by the plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel Interrogatory Responses by Defendants Clinton, Gilliland, and Lacy (#68) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that defendants Clinton, Gilliland, and Lacy shall respond to plaintiff's interrogatories no later than January 30, 2013**.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel Interrogatory Responses by Defendants Aters, Corizon, Inc., Kastings, and Vinson (#69) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that defendants Aters, Corizon, Inc., Kastings, and Vinson shall respond to plaintiff's interrogatories no later than January 30, 2013**.**

**IT IS FURTHER ORDERED** that plaintiff will be permitted until March 1, 2013, in which to respond to the pending defendants' motions for summary judgment (#49 and #56) .

**IT IS FINALLY ORDERED** that plaintiff's motion for clarification (#77) is GRANTED, and explanation was provided in the text of this memorandum and order.


Dated this 27th day of December, 2012.

_____
UNITED STATES DISTRICT JUDGE